UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

LESLIE KEARSE,                                      CASE NO.:   0:11-CV-60130-PAS
                                                    JUDGE:      Hon. Patricia A. Seitz

      Plaintiff,

vs.

CHARLES EDWARD FLOYD II,
an individual; and  AL LAMBERTI,
as Sheriff of Broward County,
in his official capacity,

      Defendants.
_____/

**REPLY IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR REMAND**

Pursuant to 28 U.S.C. § 1447(c) and other applicable law, Plaintiff Leslie Kearse hereby files this Reply in Support of Plaintiff's Motion for Remand to the Circuit Court of the 17th Judicial Circuit. As one of the Defendants, Al Lamberti, as Sheriff of Broward County in his official capacity, has failed to present compelling arguments in his Response to Plaintiff's Motion for Remand. Defendant has not met the burden of proving with legal certainty that federal subject mater jurisdiction exists to overcome the importance of the complaint's state law claims; therefore Plaintiff's forum choice should be honored and this matter remanded to the state court.  Additionally, Defendant Lamberti has failed to sufficiently demonstrate how his own state-court filing and failure to fulfill the unanimity requirement should not be considered fatal defects to his attempt to remove the case from state court. Defendant Lamberti's arguments are addressed and rebutted in turn below.

Defendant claims that this action was properly removed to federal court because Plaintiff's multi-count complaint contains two 42 U.S.C. § 1983 claims. *Def's Response at 2*. Defendant has further asserted that as this Court has jurisdiction "over Plaintiff's §1983 claims, removal is appropriate and the inclusion of state law claims in Plaintiff's Complaint does not divest this Court of jurisdiction." *Def's Response at 2*. However, the inclusion of these claims simply does not garner automatic preemptive power to the federal court due to such claims' mere assertion, as Defendant Lamberti would apparently have this Court believe.

Based on the instant facts and existing law, § 1441 is to be strictly construed against removal, and all doubts about whether the plaintiff has satisfied the federal question requirement should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The United States Supreme Court has held that in determining whether state courts are allowed to entertain jurisdiction over federally created causes of action, a presumption of concurrency is applied. *Robb v. Connolly*, 111 U.S. 624 (1884).

The instant facts as alleged actually give rise to the constitutional claims arising out of the state law claims, rather than vice versa. Essentially, the federal claims flow directly from the wrongful actions of Floyd in his capacity as a Broward County Sheriff's Deputy, as well from as the negligent acts and omissions of Al Lamberti in his official capacity as Sherriff of Broward County. The negligence claims are the central and predominating claims in this matter. To demonstrate, as is clearly stated in the Plaintiff's Complaint:

> ***The policies and practices of Broward County Sheriff's Office***, including but not limited to, failing to properly train and supervise existing employees/agents, and

encouraging or condoning an atmosphere of indifference to following procedures, ***allowed officers to be free to violate the constitutional rights of inmates*** due to the deliberate indifference of government officials responsible for the protection and care of inmates in the Broward County Sheriff's Office. (emphasis added) *See Pl's Complaint, ¶ 28.*

As these facts and allegations are presented throughout the complaint, the state court has more of an interest in their resolution pursuant to the predominating common law violations.

In *Haywood v. Drown, et al.*, the United States Supreme Court addressed a very similar issue concerning state courts' jurisdiction over §1983 claims brought by prisoners against state correction officers. *Haywood v. Drown,* 129 S.Ct. 2108 (2009). In *Haywood*, the Court found unconstitutional, as violating the Supremacy Clause, a New York law that divested the State Courts of General Jurisdiction of having jurisdiction over prisoners' §1983 claims against state correctional employees. *Id.* at 2115. The state legislature had determined that these kinds of lawsuits were frequently frivolous and thus required them to be heard in the Court of Claims, a court of limited jurisdiction in which the prisoners would not be entitled to attorney's fees, punitive damages, or injunctive relief. *Id.*

Writing for the majority, Justice Stevens acknowledged that the Court had previously held that a state could decline to exercise jurisdiction over § 1983 claims based on a "neutral rule" of judicial administration, and that the New York rule at issue was neutral in the sense that it applied to state tort claims as well as § 1983 claims. *Id.* at 2115.

However, the Court determined that merely because the state treated § 1983 and parallel state law claims equally did not mean that the law was a "neutral rule of judicial

3

administration" and therefore a valid excuse for barring the federal claim in state court. *Id.* at 2116. In striking down the law, the Supreme Court held that the New York law reflected a policy contrary to Congress's view that state actors can be liable for money damages for violating federal constitutional rights under color of state law. *Id.* at 2115

As is the case here, removal jurisdiction 'raises significant federalism concerns,' and the courts should construe removal statutes narrowly, with any doubts and ambiguities resolved in favor of remand to the state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872 (1941); *see also, Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001). The state court has proper jurisdiction over the state and federal claims in this matter. Therefore, this Court should resolve the issue in favor of remand to the Plaintiff's choice of forum: the Seventeenth Judicial Circuit in and for Broward County.

Defendant next argues that his actions in state court do not amount to a waiver of his right to remove to federal court. Specifically, Defendant argues that he merely filed a motion to dismiss in state court and took no further action. He claimed that "it is well established that simply filing a motion to dismiss, without taking further action, is insufficient to constitute waiver of the right to removal." *Somoano v. Ryder Systems, Inc.*, 985 F.Supp. 1476 (S.D. Fla. 1998).[1]  He claims that "Lamberti's Motion to Dismiss,

---

[1] The *Somoano* Case is quite distinguishable on a number of grounds. In that case, the District Court *sua sponte* remanded the lawsuit to the circuit court based on one of the two defendants filing a motion to dismiss in the circuit court. The other defendant, who had properly and timely joined in the removal action, filed a motion for reconsideration on the basis that it had not filed any pleading in the circuit court, it "clearly and unequivocally signaled a desire for a federal forum" and it identified an independent basis for federal subject matter jurisdiction over the single claim against it. No motion for remand had been filed by the plaintiff in *Somoano*. Here, even if this Honorable Court finds that Lamberti's motion to dismiss is insufficient to signal a desire to pursue a state court action, Defendant Floyd has taken none of the aforementioned steps towards removing this case to federal court.

4

which was filed the same day as the Notice of Removal, did not waive the right of removal." *Def's Response at 3*. Defendant's arguments lack merit for two reasons.

First, among the reasons cited, Defendant's reliance on *Somoano* to buttress his argument that he "simply" filed a motion to dismiss can be distinguished. Although Defendant repeatedly refers to his "simple" motion to dismiss, he actually filed a document entitled "Motion to Dismiss for failure to state a cause of action and Motion to Strike and Memorandum of Law" in the state court. It is therefore a misnomer to this Court to purport that he filed a document far simpler than that which was actually filed. Plaintiff would argue not for the sake of semantics, but rather that this more complex and substantive document represents an attempt at more substantial affirmative relief in the state court than appears to have been implied. The right of removal is waived when a defendant seeks affirmative relief, recovery or an adjudication in state court. Therefore, based on the arguments made in Defendant's Motion to dismiss for failure to state a cause of action and Motion to Strike and Memorandum of Law, Plaintiff would assert that, while perhaps falling slightly short of scheduling a hearing on the motion, the Defendant's substantive and very detailed filing in state court represents further action indicating an intent to make affirmative use of the state court process. It is also worth noting that Defendant Floyd, whom has not joined in this removal in any capacity, has field a number of affirmative "pleadings" in the circuit court.

Second, Defendant argues that "[i]n the *instant* case, Lamberti filed his Motion to Dismiss and then promptly removed to federal court." *Def's Response at 2*. Plaintiff would like to point out again that, although Defendant may have been able to meet the 30-day deadline to file his Notice of Removal in federal court, he failed to timely file a

5

Notice of Filing Notice of Removal in the state court. (*Please see Def's Response at 2, footnote 1*: "Defendant, Lamberti, *presumed* a Notice of Filing Notice of Removal was filed in state court on January 19, 2011. However, a review of the state court docket did not reflect any such filing." (emphasis added)). Thus, as Defendant did not file a Notice of Removal within the 30 day deadline in state court, he waived his right to remove this case.

Finally, Defendant Al Lamberti attempts to persuade this Court that he should somehow be exempt from following the strict rule of unanimity in this case. This is a multi-defendant case. The law is well settled that "in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001) (quoting *Chicago, R.I. & P. Ry. Co.,* 178 U.S. at 247-48, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *In re Federal Sav. & Loan Ins. Corp.,* 837 F.2d at 434. Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction. *See University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir.1999). Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994).

The Defendant's arguments fail on a number of levels. First, there is absolutely no requirement that a proof of service or other indicator of perfected service be filed in multi-defendant cases in order for the unanimity rule to go into effect.

To the contrary, when a defendant is actually served prior to removal, his consent to that removal is required regardless of whether a proof of service was filed. *See Career Network, Inc. v. WOT Services, et al.*, No. 6:10-cv-1826-Orl-31KRS (M.D. Fla. 02/03/11) (quoting *Beltram v. Monterey County*, 2009 WL 585880 (N.D.Cal. 2009) (holding that the plaintiff's failure to file proof of service did not excuse removing party's failure to obtain co-defendant's consent, rendering removal procedurally defective).

Moreover, Plaintiff finds it unsubstantiated that Defendant Lamberti asserts "No documents had been filed on behalf of Floyd." *Def's Response at 3*.  Floyd filed a number of responsive documents in the circuit court, which were in turn reflected on the clerk's website.[2] Defendant Lamberti himself concedes in his Response that "[i]t appears that at this point, Floyd has not filed a consent to the Notice of Removal. *Def's Response at 3*. In any event, the Eleventh Circuit follows the last-served defendant rule when applying 28 U.S.C. § 1446(b) with regard to multiple defendants. The "last-served defendant rule" permits an earlier served defendant to join a notice of removal filed by the last served defendant even if the earlier-served defendant fails to remove within 30 days. Defendant Floyd was the last served defendant, being served on January 10, 2011. He is now outside of the 30-day limit to join in this action for removal in any regard.

Second, Floyd is a central party to this action, and to categorize him as a "nominal or formal defendant" is utterly unsubstantiated. Contrary to the Defendant's representations, all of the causes of action are interrelated with Floyd's actions as a

---

[2] Plaintiff would like to point out that, according to the responsive documents Plaintiff received from Floyd, Defendant Lamberti was "carbon copied" on all of those documents, and thus purportedly had knowledge of their existence. Further, being that Floyd was and is incarcerated in a criminal matter related to Broward County Sherriff's Office, Plaintiff finds it unlikely that Lamberti did not know how to locate him. Plaintiff also fails to see how Defendant Lamberti attempts to analogize Floyd to a "bankruptcy defendant" who need not join a petition for removal. The federal rules are quite clear that unanimity is required for removal.

7

Broward County Sherriff's Office Deputy. When deciding whether a party is a nominal party, various tests have been utilized including asking whether a defendant's "role in the law suit is that of a depositary or stakeholder" or whether a court could enter final judgment "consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff" without the defendant's presence in the suit. *See Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F. 2d 325, 327 (5th Cir. 1970). Floyd's role in this case is enough that he should be considered a central actor against whom suit is now brought. Therefore, his consent to removal was required, but never obtained.

For all of the foregoing reasons, this Honorable Court should remand this case to the Circuit Court.

Respectfully Submitted,
**GARY, WILLIAMS FINNEY, LEWIS, WATSON & SPERANDO, P.L.**
221 South East Osceola Street
Stuart, Florida 34994
Tel: 772-283-8260
Fax: 772-283-4996

*/s/ Linnes Finney Jr.*
Linnes Finney, Jr. Esq.
lf@williegary.com
Florida Bar # 353671
Julia A. Farkas, Esq.
Florida Bar # 27740
jaf@williegary.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via U.S. Mail.

*/s/ Linnes Finney, Jr.*
Linnes Finney, Jr.

## SERVICE LIST

Beth J. Leahy, Esq.,
Walton, Lantaff, Schroeder
& Carson, LLP
*Attorneys for Defendant Al*
*Lamberti, as Sheriff of Broward County*
Corporate Center
110 E. Broward Blvd., Suite 2000
Ft. Lauderdale, FL 33301-3503

Charles E. Floyd, pro se,
DC # L89273
c/o RMC K-1110-U
P.O. Box 628
Lake Butler, Floirda 32054