UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-60130-CIV-SEITZ/O'SULLIVAN

LESLIE KEARSE,

    Plaintiff,

vs.

CHARLES EDWARD FLOYD, II,
an individual; and AL LAMBERTI,
as Sheriff of Broward County,
in his official capacity,

    Defendants.
_____/

## ORDER GRANTING REMAND

THIS MATTER is before the Court on Plaintiff's Motion to Remand [DE-3] this case to the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida, where Plaintiff originally filed the action. Plaintiff contends, and the Court agrees, that because both Defendants did not timely consent to the removal of the case to this Court, the case must be remanded. Therefore, Plaintiff's Motion to Remand [DE-3] is GRANTED, and this case is hereby REMANDED to the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida.

A plaintiff may move to remand an action on the basis of any defect in removal procedure, other than subject matter jurisdiction, within thirty days of removal.[1] 28 U.S.C. § 1447(c). Pursuant to 28 U.S.C. § 1446(a), proper removal procedure requires that all defendants consent to the removal of a case to federal court. *See Russell Corp. v. Am. Home Assurance Co.*,

---

[1] Defendant Lamberti filed his Notice of Removal [DE-1] on January 19, 2011. Plaintiff timely filed her Motion to Remand [DE-3] on February 1, 2011.

264 F.3d 1040, 1044 (11th Cir. 2001) ("[T]he law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court."). To effect removal, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing within the 30-day period prescribed in 28 U.S.C. § 1446(b). *Nathe v. Pottenberg*, 931 F.Supp. 822, 825 (M.D.Fla. 1995). This is known as the "unanimity rule." *Russell Corp.*, 264 F.3d at 1044. If all defendants do not consent to removal, this constitutes a defect in removal procedure under 28 U.S.C. § 1447(c), making removal improper. *Id.* "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Id.* at 1049. Additionally, "all doubts about jurisdiction should be in favor of remand to state court." *Id.*

In this case, the record reflects that Plaintiff[2] served Defendant Al Lamberti ("Defendant Lamberti") on December 20, 2010, and Defendant Charles Edward Floyd, II,("Defendant Floyd") on January 10, 2011. *See* Pl.'s Resp., Ex. A, B [DE 3-1, 3-2]. Defendant Lamberti removed this matter on January 19, 2011.[3] There is no indication on the record, however, that Defendant

---

[2] Plaintiff, Leslie Kearse, filed a six count Complaint against Defendants on November 15, 2010. Pl.'s Compl., [DE-1, Ex. A]. Plaintiff alleges that on our about June 13, 2007, Defendant Charles Edward Floyd, a Broward County Sheriff's Office Detention Deputy, sexually battered and/or assaulted Plaintiff while he was transporting her to a jail located in Pompano Beach. Plaintiff alleges that Defendant Floyd was subsequently prosecuted and convicted of kidnapping and sexual battery by a person in control. Plaintiffs Complaint pleads two counts for relief under 42 U.S.C. §1983 against Lamberti and Floyd [DE-1, Ex. A, ¶¶32-46] as well as state law claims against both defendants [¶¶47-81].

[3] The Eleventh Circuit follows what is commonly referred to as the "Last-Served Defendant Rule." *See Bailey v. Janssen Pharmaceutica, Inc*, 536 F.3d 1202, 1209 (11th Cir. 2008). That rule "permits each defendant, upon formal service of process, thirty days to file a notice of removal pursuant to §1446(b)," *Bailey*, 536 F.3d at 1209, and "[e]arlier-served defendants may choose to join in a later-served defendant's motion or not." *Id.* at 1207.

Floyd consented to removal within 30-days from the date he was served.[4] Unless Defendant Lamberti identifies an applicable exception to the unanimity requirement, this case must be remanded. *See Russell Corp.*, 264 F.3d at 1044.[5]

In his response brief, Defendant Lamberti argues that an exception to the unanimity requirement exists here - a nominal party need not consent to removal. Def.'s Mot., pp. 3-4 (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local* 349, 427 F.2d 325 (5th Cir. 1970)) [DE-5]. Defendant Floyd is purportedly a nominal defendant because he has filed a motion to stay and refuses to participate in this case. Def.'s Mot., pp. 4-5 [DE-5]; Pl.'s Resp., Ex. G [DE 3-7]. Moreover, Defendant Floyd "advise[d] Plaintiff's counsel that he 'will not be providing any responses either now or in the immediate future or until such time as I'm ordered to do so or my criminal appeals have been fully exhausted." Def.'s Mot., p. 4 [DE-5].

The Court agrees with the general proposition that nominal defendants need not consent to removal (*see Tri-Cities Newspapers*, 427 F.2d at 326-27)[6], but strongly disagrees with any suggestion that Defendant Floyd should be considered a nominal defendant here. While courts applying the "nominal defendant" exception to the rule of unanimity have defined the term in

---

[4]To the extent Defendant Lamberti argues he was unaware that Defendant Floyd had been served at the time of filing the Notice of Removal, this argument is of no consequence. *See Career Network, Inc. v. WOT Services, et al.*, No. 10-cv-1826-KRS, 2011 WL 397906, at *1 (M.D. Fla. Feb. 3, 2011)(when a defendant is actually served prior to removal, his consent to that removal is required regardless of whether a proof of service was filed.)(citing *Beltram v. Monterey County*, 08-5194, 2009 WL 585880 (N.D.Cal. Mar. 6, 2009) (holding that the plaintiff's failure to file proof of service did not excuse removing party's failure to obtain co-defendant's consent, rendering removal procedurally defective).

[5]Because the Court concludes remand is proper on this ground, the remaining arguments both for and against remand require no discussion.

[6]All decisions of the Fifth Circuit prior to October 1, 1981 are binding precedent on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

varying ways, none of these formulations even colorably describes Defendant Floyd. *See, e.g., Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002)(nominal defendants are "those against whom no real relief is sought"); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993)("[a] defendant is nominal if there is no reasonable basis for predicting that it will be held liable.").[7] Defendant Floyd was prosecuted and convicted for kidnapping and committing sexually battery against Plaintiff. *See, e.g.,* Pl.'s Compl., ¶¶9-26 [DE-1, Ex. A]. The Complaint alleges both federal and state claims against Defendant Floyd personally based on that conduct, and seeks to recover damages for those acts. Pl.'s Compl., ¶¶43-46, 47-50 [DE-1, Ex. A]. Plaintiff therefore seeks relief against Defendant Floyd and a reasonable basis exists for predicting that he will be held liable. *See Thorn*, 305 F.3d at 833; *Shaw*, 994 F.2d at 369. In short, Defendant Floyd is not a nominal party to this litigation. While the Court can appreciate Defendant Lamberti's frustration with Defendant Floyd's unwillingness to participate in this litigation, "an obdurate litigant is not on that account a nominal one." *In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 711 (7th Cir. 1992).

In consideration of the foregoing, the Court finds that Defendant Floyd's failure to consent rendered the removal improper, and remand is required. Accordingly, it is

ORDERED THAT

(1) Plaintiff's Motion to Remand [DE-3] is GRANTED;

(2) that the Clerk of Court shall REMAND this case to the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida, from which

---

[7]*See also Tri-Cities Newspapers*, 427 F.2d at 327 (reciting tests for determining whether a named defendant is a nominal party, such as asking if the defendant's "role in the law suit is that of a depositary or stakeholder" or if court can enter a final judgment "consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff" in absence of that defendant).

the case was removed; and

(3) this case is CLOSED.

DONE AND ORDERED in Miami, Florida, this ___18th___ day of February, 2011.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record